ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ÁNGEL CARRASCO<br><br>Parte Recurrente<br><br><br>v.<br><br><br>NEGOCIADO DEL SEGURO DE EMPLEO<br><br>Parte Recurrida | KLRA202300628 | *Revisión judicial* procedente del Departamento del Trabajo y Recursos Humanos<br><br>Apelación Núm.: SJ-01250-23A<br><br>Sobre: Inelegibilidad a los beneficios del Seguro por Desempleo, Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

Compareció ante este Tribunal la parte recurrente, Ángel Carrasco Miranda (en adelante, "señor Carrasco" o "Recurrente"), mediante recurso de revisión judicial presentado por derecho propio y en forma *pauperis* el 7 de diciembre de 2023. Nos solicitó la revocación de la *Decisión del Secretario del Trabajo y Recursos Humanos* emitida el 26 de septiembre de 2023. Dicha determinación fue objeto de una solicitud de reconsideración que fue denegada por el foro recurrido el 19 de octubre de 2023, notificada y archivada en autos el 20 del mismo mes y año.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso ante nuestra consideración ante su presentación tardía.

**I.**

El señor Carrasco presentó un recurso de apelación ante el Secretario del Trabajo y Recursos Humanos impugnando una *Resolución* del árbitro de la División de Apelaciones de dicha entidad gubernamental notificada el 11 de agosto de 2023. Mediante el aludido dictamen, se

Número Identificador
SEN2023_____

descalificó al Recurrente para recibir los beneficios de compensación por desempleo, conforme las disposiciones de la Sección 4(b)(2) de la Ley Núm. 74 de 21 de junio de 1956, según enmendada, conocida como la "Ley de Seguridad de Empleo de Puerto Rico", 4 LPRA sec. 704.

Transcurridos varios trámites procesales, el 26 de septiembre de 2023, notificada y archivada en autos al día siguiente, se emitió la *Decisión del Secretario del Trabajo y Recursos Humanos* mediante la cual se confirmó la *Resolución* del árbitro. Inconforme con dicha determinación, el 19 de octubre de 2023, notificada el 20 de octubre de 2023, dicho funcionario emitió la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración* denegando la solicitud de reconsideración que radicó el señor Carrasco. Aún inconforme, el 7 de diciembre de 2023, el Recurrente presentó el recurso de revisión judicial que nos ocupa mediante el cual sostiene que el dictamen recurrido debe ser revocado, por no ajustarse a nuestro estado de derecho.

**II.**

**A.**

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. Cobra Acquisitions, LLC v. Municipio de Yabucoa *et al.*, 210 DPR 384, 394 (2022); Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022).

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. Pueblo v. Ríos Nieves*, supra*, pág. 273*;* Pérez Soto v. Cantera Pérez, Inc., *et al.*, 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Pueblo v. Ríos Nieves*, supra*, pág. 273. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Íd. Por ello, cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o

*ultravires.* <u>Maldonado v. Junta de Planificación</u>, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en derecho es la desestimación de la causa de acción. <u>Romero Barceló v. E.L.A.</u>, 169 DPR 460, 470 (2006); <u>Carattini v. Collazo Syst. Analysis, Inc.</u>, 158 DPR 345, 370 (2003). Así pues, estamos imposibilitados de atender recursos prematuros o tardíos.

Cónsono con lo anterior, este Tribunal de Apelaciones puede desestimar, *motu propri*o, un recurso por falta de jurisdicción. Regla 83(B)(1) y (C) de Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. A su vez, nos faculta a que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado conforme a la ley y a las reglas aplicables.  Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (en adelante, "LPAU"), se creó a los fines de uniformar los procedimientos administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. <u>López Rivera v. Adm. de Corrección</u>, 174 DPR 247, 254-255 (2008).

Ahora bien, es norma conocida que las determinaciones emitidas por las agencias administrativas están sujetas a un proceso de revisión judicial ante este Tribunal de Apelaciones. <u>OEG v. Martínez Giraud</u>, 210 DPR 79, 88 (2022); <u>AAA v. UIA</u>, 200 DPR 903, 910 (2018); 4 LPRA sec. 24y. Conforme a ello, la LPAU autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de estos organismos. <u>OEG v. Martínez Giraud</u>, *supra*, pág. 88; Secs. 4.1 y 4.6 de la LPAU, 3 LPRA secs. 9671 y 9676, respectivamente.

Cónsono con lo anterior, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, regula los términos que dispone una parte adversamente afectada por una orden o resolución final de una agencia. A esos efectos, dispone que:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

[…]

Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. Íd.

De otra parte, la Sección 3.15 de la LPAU dispone que:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. 3 LPRA sec. 9655 (énfasis suplido).

Por último, es necesario señalar que la Regla 57 de nuestro *Reglamento*, 4 LPRA Ap. XXII-B, establece que el término para presentar el recurso de revisión es de carácter jurisdiccional. Un término jurisdiccional es de naturaleza improrrogable, lo que significa que no está sujeto a interrupción, sin importar las consecuencias que ello provoque. Rosario Domínguez v. ELA, 198 DPR 197, 208 (2017). Por esa razón, los requisitos jurisdiccionales tienen que ejecutarse previo a que el tribunal pueda considerar los méritos de una controversia. Lo anterior quiere decir que el

incumplimiento con el término jurisdiccional priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. Íd., págs. 208-209.

**III.**

Según mencionáramos, la *Decisión del Secretario del Trabajo y Recursos Humanos* fue notificada al señor Carrasco el 27 de septiembre de 2023. Posteriormente, el Recurrente presentó una solicitud de reconsideración, la cual fue denegada mediante la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración* que fue notificada a éste el 20 de octubre de 2023.

Conforme a las citadas disposiciones de la Sección 4.2 de la LPAU, *supra*, el término jurisdiccional para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones queda efectivamente interrumpido con la radicación de una oportuna solicitud de reconsideración. Así pues, la Sección 3.15 de dicho cuerpo estatutario establece que una vez presentada dicha solicitud, la agencia cuenta con un plazo de quince (15) días para considerarla. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. 3 LPRA sec. 9655.

Conforme las anteriores disposiciones estatutarias, el señor Carrasco tenía hasta el 20 de noviembre de 2023 para presentar revisión judicial ante este Tribunal. Sin embargo, no fue hasta el 7 de diciembre de 2023 que el Recurrente presentó el recurso que nos ocupa. Ante esta realidad jurídica, es patente que el señor Carrasco acudió ante este foro para impugnar la determinación del Secretario del Trabajo y Recursos Humanos tardíamente.

Por tanto, siendo las cuestiones relacionadas a la jurisdicción de un tribunal una materia privilegiada y estando impedidos de evaluar los méritos de un recurso cuando carecemos de autoridad, lo procedente en derecho es la desestimación de la causa de acción. Ello porque si se carece de

jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.

**IV.**

Por los fundamentos que anteceden, *desestimamos* el recurso de epígrafe por falta de jurisdicción ante su presentación tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones